UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JUSTICE LUCIANO,
    Plaintiff,

v.

WARDEN SCOTT SEMPLE, et al.,
    Defendants.

PRISONER
CASE NO. 3:12-cv-1142(VLB)

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at MacDougall Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The plaintiff sues Warden Scott Semple, Counselor Supervisor J. Fargo, Lieutenants Allen, Capellaro, Morris and Langenheim, Correctional Officers Ross, Mitchell, Swan and John Does Nos. 1-8.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that in April 2012, he was confined at Garner Correctional Institution. On April 8, 2012, Officer Ross was harassing him and his cellmate and attempted to search their cell. The plaintiff and his cellmate refused to let Officer Ross search their cell. Lieutenant Allen came to the plaintiff's cell and spoke to Officer Ross. Officer Ross insisted that the plaintiff and his cellmate be sent to segregation for refusing to consent to a cell search. The plaintiff and his cellmate refused to go to segregation.

Lieutenant Allen requested that Lieutenants Capellaro, Langenheim and Morris come to the plaintiff's cell to attempt to convince the plaintiff and his cellmate to consent to go to segregation. When the plaintiff and his cellmate refused to cooperate, a cell extraction team proceeded to the plaintiff's cell. The cell extraction team was made up of Officers Mitchell and Swan and John Does Nos. 1-8 and was led by Lieutenant Morris.

One of the lieutenants at the scene, sprayed cap stun into the plaintiff's cell when he and his cellmate refused to come to the trap door of the cell to be handcuffed.  The plaintiff and his cellmate then lay down on their bunks.  The cell extraction team stormed into the plaintiff's cell and used excessive force against the plaintiff.  The plaintiff did not resist at any time.  The plaintiff was dragged from the cell, decontaminated for thirty seconds in a shower, escorted to a different cell and placed in a handcuffs, leg shackles and belly chain and a black box.  The plaintiff remained in in-cell restraints for over sixty hours.  Warden Semple refused to take any action in response to the alleged use of excessive force.

The plaintiff sustained a black eye and scars from the wrist restraints and continues to suffer from blurriness in his left eye, migraine headaches, reduced hearing in his left ear and anxiety as a result of the incident.  The plaintiff seeks declaratory and injunctive relief and monetary damages.

The court concludes that the allegations in the complaint state plausible claims of excessive force and failure to protect.  To the extent that plaintiff asserts section 1983 claims against the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  The section 1983 claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**ORDERS**

The court enters the following orders:

(1)     The claims for money damages against the defendants in their official capacities are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2).  The remaining claims shall proceed against the defendants in their individual capacities and in their official capacities to the extent that the plaintiff seeks injunctive and declaratory relief.

(2)     Within fourteen (14) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint [doc. #1] and this Order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)     Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Warden Scott Semple, Counselor Supervisor J. Fargo, Lieutenants Allen, Capellaro, Morris and Langenheim and Correctional Officers Ross, Mitchell and Swan and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9)     Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10)    The plaintiff is hereby notified that the U.S. Marshal cannot serve the complaint on the John Does Nos. 1-8 until the plaintiff identifies these defendants by name.  The plaintiff will have 90 days from the date of this order

**to conduct discovery and file a notice identifying these defendants by name.  If the plaintiff fails to file a notice within the time specified, the claims against these defendants will be dismissed without further notice from the court pursuant to Rule 4(m), Fed. R. Civ. P. and the case will proceed only as to the claims against the other named defendants in the complaint.**

                 IT IS SO ORDERED.

                 _____/s/_____
                 Vanessa L. Bryant
                 United States District Judge

**Dated at Hartford, Connecticut: November 28, 2012.**