UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**JUSTICE C. LUCIANO**

    v.                              **CASE NO.   3:12CV1142(VLB)**

**WARDEN SCOTT SEMPLE, ET AL.**

### RULING DENYING MOTION FOR PRELIMINARY INJUNCTION

Pending before the court is the plaintiff's motion for injunctive relief. [Doc. 3]. The plaintiff filed this motion when he was incarcerated at Garner Correctional Institution ("Garner"). The allegations in the complaint relate to the plaintiff's removal from his cell at Garner on April 8, 2012, by an extraction team made up of eight correctional officers. The plaintiff complains that individuals at Garner have not responded to his attempts to exhaust his administrative remedies or his April 2012 request under the Freedom of Information Act. He asks the court to order two Garner correctional officers not to work in the same housing unit where he is confined. The plaintiff also states that the defendants intend to take retaliatory action in the form of a transfer to another prison facility. The plaintiff claims the defendants have not treated the injuries he suffered on April 8, 2012, including blurred vision and hearing loss. He asks to be sent to the University of Connecticut Health Center ("UCONN") for treatment. For the reasons set forth below, the motion is DENIED.

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the

granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated.  *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F. 3d 10, 118 (2d Cir. 2009).  To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono,* 162 F.3d 56, 61 (2d Cir. 1998)).

While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. *See Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003).  Where, as here, "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony."  7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995].

In this case, the court finds that oral testimony and argument is not necessary.  The plaintiff is now incarcerated at MacDougall Correctional Institution ("MacDougall").  The defendants are all employed at Garner.   The alleged refusal of the defendants to respond to grievances filed by the plaintiff regarding the cell extraction that occurred on April 8, 2012 did not preclude the plaintiff from filing this action, nor does it subject the plaintiff to imminent harm.

Furthermore, the plaintiff has recently contacted the court and has identified the Doe defendants who made up the cell extraction team and who allegedly used excessive force against him on April 8, 2012.  Thus, it is apparent

that the information requested by the plaintiff through the Freedom of Information Act concerning the intervention and use of force by the cell extraction team members has been provided to the plaintiff.

At this point, the plaintiff's allegation that any transfer to another prison would be retaliatory is only speculative. Furthermore, the plaintiff does not allege how any transfer might subject him to irreparable injury. There is no information before the court to suggest that the plaintiff is not receiving medical treatment at MacDougall or that he requires treatment at UCONN.

Absent any allegations of irreparable injury, the plaintiff fails to satisfy the first requirement for the issuance of injunctive relief. Because there is no showing of irreparable harm, the Court need not examine the other requirements for the issuance of injunctive relief. *See Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered"). Furthermore, the court concludes that the plaintiff's claims for injunctive relief relating to his conditions of confinement at Garner are now moot. *See Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976) (inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").

**Accordingly, for all the reasons set forth above, the motion seeking injunctive relief is DENIED.**

                                                 **IT IS SO ORDERED.**

                                                 _____/s/_____
                                               **Vanessa L. Bryant**
                                               **United States District Judge**

**Dated at Hartford, Connecticut: March 14, 2013.**